UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ALEX M. MITCHELL | CIVIL ACTION NO. 22-5681 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LOUISIANA STATE UNIVERSITY IN SHREVEPORT | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(6) filed by Defendant "Louisiana State University in Shreveport." See Record Document 13. The motion seeks dismissal on two grounds – untimely service of summons and lack of procedural capacity to be sued. See id. The motion is unopposed. For the reasons set forth below, the motion is **GRANTED** pursuant to Rule 12(b)(6) and Plaintiff Alex M. Mitchell's (Mitchell") claims against Louisiana State University in Shreveport are **DISMISSED WITH PREJUDICE**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 12, 2022, Mitchell filed a *pro se* Complaint against two individual defendants alleging he was racially discriminated against in violation of Title VII of the Civil Rights Act. See Record Document 1. In a November 15, 2022 Memorandum Order, the Court directed Mitchell to file an amended complaint no later than December 5, 2022. See Record Document 6. On December 5, 2022, Mitchell filed an Amended Complaint, naming "Louisiana State University in Shreveport" as to the sole defendant. See Record Document 7. He against alleged he was given unequal terms and conditions of employment, retaliated against, and discriminated against based on his race. See id. A summons was issued to Louisiana State University in Shreveport on December 5, 2022.

See Record Document 8.  On March 6, 2023, the summons was purportedly served on Louisiana State University in Shreveport at the Administration Building.  See Record Document 10.

In the instant motion, Defendant seeks dismissal on multiple grounds.  See Record Document 13.  First, it submits that Louisiana State University in Shreveport is not an appropriate defendant, as it does not have the capacity to be sued.  See id.  Second, the defense argues Louisiana State University in Shreveport is not amenable to summons at the Administration Building and that the case should be dismissed because more than 90 days passed from the filing of the Amended Complaint and proper service and execution of the summons.  See id.  To date, Mitchell has filed no opposition to the pending Motion to Dismiss.

## LAW AND ANALYSIS[1]

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The standard for the adequacy of all complaints under Rule 8(a)(2) is now the "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). If a pleading only contains "labels and conclusions" and "a

---

[1] The Court has decided the instant motion on the grounds of Rule 12(b)(6), thus there will be no analysis of the motion pursuant to Rule 12(b)(5) (insufficient service of process) or Rule 4(m) (time limit for service).

2

formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2).  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for "failure to state a claim upon which relief can be granted." Courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court.'" Twombly, 550 U.S. at 558 (citations omitted).

A Rule 12(b)(6) motion is a proper procedural vehicle for seeking dismissal of claims for lack of procedural capacity to be sued.  See Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir.1999).  Pursuant to Federal Rule of Civil Procedure 17(b), whether one possesses the capacity to be sued is determined by the law of the state in which the entity is located.  Thus, Louisiana law must be examined to determine whether Louisiana State University in Shreveport is capable of being sued.

Louisiana Civil Code Article 24 provides that there are two kinds of persons capable of being sued:  natural persons and juridical persons.  While a natural person is

3

a human being, a juridical person is an entity to which the law attributes personality. Examples of juridical persons are corporations and partnerships.

An entity (or unit) within a municipality is "generally treated as separate and distinct public juridical person or corporation for certain purposes whether [it] are called that or not." Roberts v. Sewerage and Water Board of New Orleans, 634 So.2d 341, 346 (La.1994). The Louisiana Supreme Court has established an analysis to assist in deciding whether an entity/unit may be considered a separate juridical person. See id. "[T]he determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unity for the particular purpose at issue. In absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and district from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do." Id. at 346–347.

Here, it is well settled under Louisiana law that state universities are not juridical entities capable of being sued, namely because they do not function independently. Rather, state universities are agencies or divisions under the supervision and management of another governmental entity. See Hall v. Bd. of Supervisors of Cmty. & Tech. Colleges, No. CIV.A. 15-67, 2015 WL 2383744, at *2 (E.D. La. May 18, 2015); Williams v. Louisiana, No. CV 15-2353, 2017 WL 359218, at *3 (W.D. La. Jan. 24, 2017). Accordingly, Louisiana State University in Shreveport is dismissed with prejudice.

## CONCLUSION

Based on the foregoing, Louisiana State University in Shreveport is not a juridical person capable of being sued. Thus, Defendant's Rule 12(b)(6) Motion to Dismiss (Record Document 13) is **GRANTED** and all claims against Louisiana State University in Shreveport are **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 25th day of May, 2023.

_____
United States District Judge